CITED *in Hazen* v. *Addis' Ad.*, 2 *Gr.* 334.

---

## [26] ARROWSMITH AND WIFE v. VAN HARLINGEN'S EXECUTORS.

1. An executor is a trustee, and not allowed to purchase or speculate in property of testator for his own benefit.

2. Tenders are *stricti juris*, and are never supplied by equity.

This was an action brought to recover from the executors, the wife's proportion of the proceeds of certain lands belonging to testator, which had been sold by them under a power in the will.

It appeared that the land had been sold in the year 1777 for a full price, and purchased in by one of the executors,

Arrowsmith et ux. v. Van Harlingen's Ex'rs.

Coovert, through the agency of a nominal bidder.   In 1779, Coovert gave the other executor a certificate, No. 991, for four hundred dollars, on which it was endorsed that £136 13s. belonged to plaintiff's wife as her dividend.   At this period, the certificate was not worth more than one-twentieth of its nominal value, and had been paid by Coovert, that it might operate as a tender and discharge of the purchase money, and it was made to the executor, because Arrowsmith was at that time within the British lines.   The question was, whether the executors were accountable beyond the certificate.   A verdict was found for the plaintiff, subject to the opinion of the court.

In delivering the opinion of the court, the Chief Justice said—

That Coovert, the purchasing executor was a trustee, and as such, neither law nor equity would permit him to prejudice the *cestui que trust.*   See *Walley* v. *Whalley*, 1 *Vern.* 484, and *Keech* v. *Sandford, Sel. Ca. in Cha.* 61.   Equity will not permit a trustee to purchase, (see *Lazarus* v. *Bryson*, 3 *Bin.* 54,) and if he does make use of property confided to him, he will be answerable for all the profits he may make.   *Brown* v. *Litton*, 10 *Mod.* 20.   If he buys off an encumbrance of £500 for £10, he will only be allowed the latter sum when he accounts.   The sense of all the cases is, that he is appointed for the benefit of others, not of himself.

I can never agree that an executor shall purchase in 1777, and in 1779 pay the one-twentieth part of the value to the *cestui que trust* by a certificate and endorsement, a mode of [27] payment which there has been no law shown to warrant. We will not permit a man to discharge a solemn trust confided to him in this manner.   Tenders are likewise *stricti juris,* and cannot be inferred by implication ; they must be clearly and regularly proved ; and equity never will supply any deficiency in the testimony.

Judgment on the verdict, with interest from time of sale.

CITED *in Den* v. *McKnight,* 6 *Hal.* 464.